**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**JILL M. ACKLIN**
Westfield, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KARL M. SCHARNBERG**
Deputy Attorney General
Indianapolis, Indiana

**FILED**

Feb 14 2012, 9:24 am

**CLERK**
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ROY A. DINWIDDIE, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 90A02-1106-CR-569 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE WELLS CIRCUIT COURT
The Honorable James A. Heimann, Senior Judge
Cause No. 90C01-0503-FD-37

**February 14, 2012**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**RILEY, Judge**

Appellant-Defendant, Roy A. Dinwiddie (Dinwiddie), appeals his conviction for battery, a Class D felony, Ind. Code § 35-42-2-1.

We affirm.

## ISSUE

Dinwiddie raises one issue on appeal, which we restate as follows: Whether the State produced sufficient evidence to prove beyond a reasonable doubt that he committed battery.

## FACTS AND PROCEDURAL HISTORY

On February 26, 2005, Patricia Dinwiddie (Patricia) was preparing a bath for her seven year old daughter D.D. when Patricia noticed bruising on D.D.'s buttocks. Patricia learned that D.D. had received the bruises from her father, Dinwiddie, from whom Patricia was divorced. Pursuant to a custody arrangement, D.D. spent the weekdays with her father and three weekends a month with her mother. According to D.D., during one of the weeks that she had spent in her father's custody, Dinwiddie had hit her on the buttocks with a belt as punishment each time she had answered one of her math homework problems incorrectly. D.D. started to cry when she told her mother about the incident.

After discovering D.D.'s bruises, Patricia took D.D. to the Ossian Police Department and also to the Woodlawn Hospital Emergency Room in order to report the injuries. The emergency room doctor who treated D.D. concluded that her bruises were

2

consistent with being struck by a belt and reported the bruises as suspicious for child abuse.

On March 23, 2005, the State filed an Information charging Dinwiddie with battery, a Class D felony, I.C. § 35-42-2-1. On April 19, 2011, a jury trial was held, and Dinwiddie was found guilty as charged. On May 27, 2011, the trial court sentenced Dinwiddie to 18 months, with all but 120 days suspended.

Dinwiddie now appeals. Additional facts will be provided as necessary.

## DISCUSSION

In reviewing a sufficiency of the evidence claim, this court does not reweigh evidence or judge the credibility of witnesses. *Perez v. State,* 872 N.E.2d 208, 213 (Ind. Ct. App. 2007), *trans. denied.* In addition, we only consider the evidence most favorable to the verdict and the reasonable inferences stemming from that evidence. *Id.* We will only reverse a conviction when reasonable persons would not be able to form inferences as to each material element of the offense. *Id.* at 212-13.

In order to convict Dinwiddie of battery as a Class D felony, the State was required to prove beyond a reasonable doubt that he "knowingly or intentionally touch[ed] another person in a rude, insolent, or angry manner," that touch "result[ed] in bodily injury to a person less than fourteen (14) years of age," and that Dinwiddie was over eighteen years of age. I.C. § 35-42-2-2(a)(2). On appeal, Dinwiddie does not dispute that he hit D.D. with a belt, but he asserts that recent case law suggests that

parents should not be subject to criminal liability for discipline that causes transient pain and temporary bruising. *See Willis v. State,* 888 N.E.2d 177, 184 (Ind. 2008).

In *Willis*, the supreme court acknowledged that while Indiana has not codified a parental discipline privilege, our courts have construed I.C. § 35-41-3-1 as including reasonable parental discipline that would otherwise constitute battery. *Id.* at 181. The *Willis* court noted that this interpretation is consistent with our recognition that parents have a fundamental interest in directing the upbringing and education of their children, as well as I.C. § 31-34-1-15, which governs circumstances under which a child is a child in need of services. Section 31-34-1-15 provides that "[t]his chapter does not . . . [l]imit the right of a parent, guardian, or custodian of a child to use reasonable corporal punishment when disciplining the child." *Id.* at 180.

However, a trial court may still enter judgment against a parent for battery if the State provides sufficient evidence that (1) the force the parent used was unreasonable, or (2) the parent's belief that such force was necessary to control his or her child and prevent misconduct was unreasonable. *Id.* at 182. The State may refute a claim of parental privilege by direct rebuttal or by relying on the sufficiency of the evidence in its case-in-chief. *Id.* The decision of whether a claim of parental privilege has been disproved is entrusted to the fact-finder. *Id.* To guide us in determining whether a parent's force is unreasonable, the supreme court provided a non-exhaustive list of factors for consideration:

(a) Whether the actor is a parent;
(b) the age, sex, and physical and mental condition of the child;

4

(c) the nature of his offense and his apparent motive;

(d) the influence of his example upon other children of the same family or group;

(e) whether the force or confinement is reasonably necessary and appropriate to compel obedience to a proper command;

(f) whether it is disproportionate to the offense, unnecessarily degrading, or likely to cause serious or permanent harm.

*Id.*

In light of the above factors and our deference to the fact-finder in sufficiency cases, we conclude that there was sufficient evidence that Dinwiddie used unreasonable force under the circumstances and, therefore, committed a battery not protected by the parental privilege. First, we note that at seven years old, D.D. was a young and impressionable child. We do acknowledge that it is likely that Dinwiddie's motivation was primarily to encourage D.D. to answer her homework problems correctly, but we find that a reasonable person could perceive his actions as unnecessary to compel obedience to a proper command and disproportionate to D.D.'s offense. There is no evidence that D.D. acted out of defiance or rebelliousness, as there was in *Willis,* where Willis' son purposefully lied to her about stealing her underwear and bringing it to another student at school. *See id.* at 179-80. The record also reveals that Dinwiddie hit D.D. with a belt not once, but multiple times—once each time she answered a question incorrectly. D.D. testified at trial that the belt hurt and that she cried. She was still emotionally upset about the incident days later and cried when she recounted it to her mother.

5

Finally, we find it significant that the jury was instructed about the defense of parental privilege in final jury instruction number 7 and chose not to apply the privilege. As we stated above, it is not our place on appeal to reweigh the evidence on appeal. *Perez,* 872 N.E.2d at 213. Thus, we conclude that the State provided sufficient evidence that Dinwiddie committed battery.

## CONCLUSION

Based on the foregoing, we conclude that the State produced sufficient evidence to prove beyond a reasonable doubt that Dinwiddie committed battery.

Affirmed.

FRIEDLANDER, J. and MATHIAS, J. concur